Artur DANIELYAN; Elen Danielyan; Narek Danielyan, Petitioners,

v.

Michael B. MUKASEY [*], Attorney General, Respondent.

Artur Danielyan; Elen Danielyan; Narek Danielyan, Petitioners,

v.

Michael B. Mukasey, Attorney General, Respondent.

Nos. 04–71028, 05–73589.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2007.[**]

Filed March 18, 2008.

---

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

[*] Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

[**] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

James L. Rosenberg, Esq., Law Offices of James L. Rosenberg, Los Angeles, CA, for Petitioners.

CAC–District Counsel, Los Angeles, CA, Patricia M. Corrales–Talleda, Office of the District Counsel Department of Homeland Security, Anne M. Voigts, U.S. Department of Justice Civil Div./Office of Immigration Lit., Los Angeles, CA, Ronald E. Lefevre, U.S. Department of Justice, San Francisco, CA, Arthur L. Rabin, Office of the District Counsel Department of Homeland Security, Washington, DC, for Respondent.

Before: BRIGHT ***, PREGERSON, and BEA, Circuit Judges.

MEMORANDUM ****

Lead petitioner Artur Danielyan ("Danielyan"), a native and citizen of Armenia, petitions for review of a final order of removal issued by the Board of Immigration Appeals ("BIA") finding him statutorily ineligible for asylum and withholding of removal.[1] We have jurisdiction pursuant to 8 U.S.C. § 1252(b), and we deny the petition for review.[2]

Danielyan applied for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. The Immigration Judge ("IJ") made an adverse credibility finding and held that Danielyan was ineligible for asylum because he assisted in the persecution of others. The IJ also found that Danielyan had failed to establish past persecution or a well-founded fear of future persecution on a protected ground. The IJ therefore denied all relief. Danielyan appealed the IJ's decision to the BIA. The BIA declined to reach the merits of Danielyan's asylum claims, and instead determined that Danielyan was statutorily ineligible for asylum under 8 U.S.C. § 1158(b)(2)(A)(iii) and withholding of removal under 8 U.S.C. § 1231(b)(3)(B)(iii) because "there are serious reasons for believing that the alien has committed a serious nonpolitical crime...." The BIA also denied CAT relief.

On petition for review to this court, Danielyan contends that the IJ's adverse credibility finding is not supported by the rec-

*** The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

**** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Co-petitioners Elen and Narek Danielyan have derivative asylum claims through lead petitioner Artur Danielyan.

2. Because the facts are known to the parties, we refer to them here only to the extent necessary.

ord and that the BIA erred in holding that Danielyan had engaged in the persecution of others.[3] Danielyan's arguments are misplaced. "Where ... the BIA reviews the IJ's decision de novo, our review is limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted." *Shah v. INS*, 220 F.3d 1062, 1067 (9th Cir.2000) (internal quotation and citation omitted). Here, the BIA authored an opinion of its own. Nowhere in that opinion does the BIA expressly adopt any of the IJ's findings. This court's review, which is limited to the BIA's decision, therefore does not address the IJ's adverse credibility finding.

Danielyan also misstates the BIA's holding. Though the IJ found him ineligible for asylum and withholding of removal based on persecution of others under 8 U.S.C. § 1158(b)(2)(A)(i), the BIA did not adopt that holding. Instead, the BIA held Danielyan ineligible under different provisions, 8 U.S.C. § 1158(b)(2)(A)(iii) and 8 U.S.C. § 1231(b)(3)(B)(iii), which state an alien is ineligible for asylum or withholding of removal if there are serious reasons for believing that the alien has committed a serious nonpolitical crime outside the United States prior to the arrival of the alien in the United States. A serious nonpolitical crime "is a crime that was not committed out of genuine political motives, was not directed toward the modification of the political organization or ... structure of the state, and in which there is no direct, causal link between the crime committed and its alleged political purpose and object." *McMullen v. INS*, 788 F.2d 591, 595 (9th Cir.1986) (internal quotations and citation omitted), *overruled in part on other grounds by Barapind v. Enomoto*, 400 F.3d 744, 751 n. 7 (9th Cir.2005) (en banc). We review only the BIA's holding under 8 U.S.C. § 1158(b)(2)(A)(iii), and not the holding as Danielyan misstates it.

This court applies a deferential "substantial evidence" standard of review to BIA determinations of eligibility for asylum. *Gu v. Gonzales*, 454 F.3d 1014, 1018 (9th Cir.2006); *see also INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We can reverse "only if the applicant shows that the evidence *compels* the conclusion that the asylum decision was incorrect." *Gu*, 454 F.3d at 1018. Danielyan testified that as a member of the Yerkrapah "volunteer platoon," he collected money from local businesses as part of a protection racket, threatened individuals who did not pay, observed as his associates beat noncompliant individuals, signed fraudulent documents related to forced sales, and maintained lists of businesses that paid protection money and "had to be visited again." Danielyan's own testimony supports the BIA's conclusion that there is serious reason to believe that he engaged in nonpolitical crimes, including "numerous acts of extortion with threats of bodily harm, forced sales of businesses, racketeering, and acting as an armed accomplice to aggravated battery and attempted murder." Danielyan has not demonstrated any link between these crimes and a political purpose. Therefore, there is substantial evidence to conclude that he is statutorily ineligible for asylum under 8 U.S.C. § 1158(b)(2)(A)(iii) and withholding of removal under 8 U.S.C. § 1231(b)(3)(B)(iii).

The temporary stay of removal issued by this court will remain in effect until the mandate issues.

The petition for review is **DENIED.**

---

**3.** Danielyan does not petition for review of the BIA's denial of CAT relief.